THE STATE *vs.* GAUS.

1. In an indictment for trading with a slave, the averment, that it was without the consent of the master or owner, need not be proved.

Error to Montgomery Circuit court.

Indictment for trading with a slave, without consent—tried before *Pickens*, J.

In this case, defendant was convicted on an indictment for trading with a slave, without the consent of the master or owner. On the trial, the State failed to prove that the slave had not the leave or consent of the master or owner. The court below was requested by defendant to charge the jury, that such proof was necessary to support the indictment, which was refused. The court charged the jury, that if the trading with the slave was proved, the consent or authority was a matter of excuse, to be proved by defendant—to which defendant excepted, and now assigns for error.

*J. A. Campbell*, for plaintiff in error.
*Attorney General*, contra.

GOLDTHWAITE, J.—The rule with respect to the proof of negative averments in indictments, appears to have been subject to much change in the English courts, —they sometimes holding, that the prosecution was bound to establish the negative fact averred; as in the cases of Rex vs. Rogers, 3 Camp. 654; Rex vs. Hazy et

9 P          80

al. 2 Carr. & Payne, 458—and at other times declaring, that proof of the act was sufficient to support a conviction, unless the defendant shewed the circumstances which could alone render it lawful—(Rex vs. Turner, 5 M. & S. 206; Rex vs. Hanson, cited 2 Russel on Crimes, 693.)

The case of Rex vs. Rogers, above cited, was very similar to the present, as the prisoner was indicted for coursing deer in an enclosed ground, " without the consent of the owner ;" but this case was overruled by that of Rex vs. Hazy et al. in which it was held, on an indictment for lopping trees " " without the consent of the owner," that the want of consent might be inferred, from the circumstances attending the act itself—(See also Rex vs. Allen, Ry. & Moody Cr. C. 156.) In the still later case of Rex vs. Hanson, above cited, a conviction was had before two justices, for selling ale without an excise license. The information negatived the defendant's having a license, but there was no evidence to support this negative averment ; the only evidence being, that the defendant had in fact sold the ale. The conviction was held to be proper.

It is difficult to distinguish this case, from the one now under consideration ; as, in both cases, the statute makes use of negative words, but, in effect, prescribes a qualification which must be had, before the act can be lawful. If a contrary rule was to be adopted, with reference to the statute under which the defendant is indicted, it would be difficult, and, in many cases, wholly impracticable, to prove the want of consent ; as, in the case of the absence or death of the master, owner or overseer of

The State *vs.* Gaus.

the slave. On the other hand, no inconvenience or difficulty can exist, in requiring proof from the defendant, of the authority under which he acted, and which could alone excuse the sale. If it is said, that the defendant would be remediless in the event of the death of the master, owner or overseer, by whom the authority, if verbal, was given, it may be observed, that the consent could then be implied from other circumstances attendant on the transaction, if, in point of fact, any such consent was given. If the consent was in writing, no such difficulty could ever arise; and, if personally given, the same witnesses who would give testimony as to the fact of sale, would also, in all probability, establish the consent, if any was given.

We are of opinion, that there was no error in refusing the instruction asked for, or in those which were given.